IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-00173

SAKISHA SMITH,

Plaintiff,

v.

CHILDREN'S HOSPITAL COLORADO,

Defendant.

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, 1446, Defendant Children's Hospital Colorado ("CHCO" or "Defendant"), by and through its undersigned counsel, files this Notice of Removal of action commenced in the District Court of the State of Colorado in the County of Adams. In support of removal, Defendant states as follows:

**I.  THE REMOVED CASE**

1. On December 2, 2025, Plaintiff Sakisha Smith ("Plaintiff") filed a Verified Complaint with Jury Demand ("Complaint") against CHCO in the District Court of the State of Colorado in the County of Adams, Case Number 2025CV31950 which is styled *Sakisha Smith v. Children's Hospital Colorado* (the "State Court Action"). True and correct copies of the State Court Action's Complaint, Civil Case Cover Sheet, and Summons are attached hereto as **Exhibits A, B, and C**, respectively.

2. The Complaint alleges the following claims related to Plaintiff's employment with CHCO: (1) race discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), (2) retaliation in violation of Title VII,

(3) disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), (4) Interference and Retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"), (5) race discrimination in violation of the Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(a) ("CADA"), (6) disability discrimination and failure to accommodate in violation of the CADA, (7) retaliation in violation of the CADA, (8) constructive discharge, and (9) negligent hiring, supervision, and retention. *See* **Exhibit A** ¶¶ 27-53.

3. CHCO was served with a copy of the Summons and Complaint in the State Court Action on December 18, 2025. **Exhibit D.** No prior papers were served on Defendant in the State Court Action.

4. Counsel for CHCO entered their appearances in the State Court Action. **Exhibits E and F**. Counsel for CHCO filed an Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint with accompanying proposed order. **Exhibit G**. The state court issued an order granting this motion. **Exhibit H**.

5. In accordance with 28 U.S.C. § 1446(a), the papers attached hereto as **Exhibits A through H** encompass all the process, pleadings, and orders served upon Defendant in the State Court Action and constitute all documents filed in the State Court Action to date.

II. **TIMELINESS OF REMOVAL**

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days from the date Defendant was served with the Complaint on December 18, 2025.

## III. VENUE

7. Plaintiff filed her Complaint in Adams County, Colorado, which is located in the District of Colorado. Venue in this District is therefore proper because the United States District Court for the District of Colorado is "the district court of the United States for the district and division within which [the State Court Action] is pending." 28 U.S.C. § 1441(a).

## IV. JURISDICTION

8. This case is removable pursuant to federal question jurisdiction because this Court has original jurisdiction over the claims in the Complaint "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

9. "A court examining whether a case turns on a [substantial] question of federal law [must] focus on whether Congress evidenced an intent to provide a federal forum." *Nicodemus v. Union Pacific Corp.*, 318 F.3d 1231, 1235-36 (10th Cir. 2003). Plaintiff's Complaint asserts four claims for relief arising under federal law. *See* **Exhibit A** ¶¶ 27-43.

10. Plaintiff's first two claims for relief arise under Title VII. *See* **Exhibit A** ¶¶ 27-34. Title VII contains its own jurisdiction-conferring provision that, "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e–5(f)(3). "Title VII's own jurisdictional provision . . . has served simply to underscore Congress' intention to provide a federal forum for the adjudication of Title VII claims." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506

3

(2006) (quoting *Morris*, 39 F.3d at 1111). "Plaintiffs suing under Title VII may avail themselves of the opportunity [supplemental jurisdiction] provides to pursue complete relief in a federal-court lawsuit." *Id.* Here, Counts One and Two of Plaintiff's Complaint allege violations of Title VII, subjecting her to this Court's jurisdiction based on the federal questions raised.

11. Plaintiff's third claim for relief arises under the ADA. *See* **Exhibit A** ¶¶ 35-38. The ADA's purpose, as established by the statute, includes "ensur[ing] that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3). The ADA cites Title VII's jurisdictional statement as a roadmap for enforcement under the statute. *See* 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in section[] . . . 2000e-5. . . shall be the powers, remedies, and procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability in violation of this chapter[.]"). The ADA's citation to Title VII's jurisdictional provision clearly evidences that Congress intended to provide a federal forum for the adjudication of ADA claims.

12. In *Albert v. Smith's Food & Drug Centers, Inc.*, the Tenth Circuit held that "a remand to a state court would be improper because **the district court . . . had federal question jurisdiction by virtue of the ADA claim**." 356 F.3d 1242, 1247 (10th Cir. 2004) (emphasis added); *see also L'Ggrke v. Asset Plus Corp.*, 641 Fed. App'x. 779, 782 (10th Cir. 2016) (holding "[t]he district court undisputably had federal question jurisdiction under § 1331" where the Plaintiff's state court complaint asserted claims under Title VII, Section 1981, the Age Discrimination in Employment Act, and the ADA). Plaintiff's ADA claim invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

13. Plaintiff's fourth claim for relief arises under the FMLA, which also subjects her to this Court's federal question jurisdiction. *See* **Exhibit A** ¶¶ 39-42; *see also Green v. Harsco Corp.*,

4

215 F.3d 1336 (10th Cir. 2000) (holding that the plaintiff's "FMLA claim invoked federal question jurisdiction"); *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) ("[T]he district court concluded that continued presence of the FMLA claim provided it with jurisdiction" based on the federal question raised.). Like her Title VII claims and her ADA claim, Plaintiff's FMLA claim standing alone is sufficient to implicate the Court's federal question jurisdiction.

14. The Complaint is clear on its face that this Court has federal question jurisdiction over the action based on Plaintiff's assertion of four claims for relief arising under federal statutes. *See* **Exhibit A** ¶¶ 27-43. The Court may exercise supplemental jurisdiction over Plaintiff's state law claims, which arise out of a common nucleus of operative facts such that the sound administrative of judicial resources dictates that all claims, even if not independently removable, be decided in the same forum that decides the removable claims. *See Melville v. Third Way Ctr., Inc.*, 405 F. Supp. 3d 917, 922–23 (D. Colo. 2019) (where Plaintiff sued Defendants in the Colorado District Court for Denver County "assert[ing] claims under the FMLA, the ADA, and several state-law tort theories[,] . . . Defendants removed the action [to federal court] invoking the Court's original and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1441(a)."). Thus, removal of the State Court Action to the United States District Court for the District of Colorado is proper and supplemental jurisdiction is appropriate.

## IV. COMPLIANCE WITH REMOVAL REQUIREMENTS

15. Defendant will serve a copy of the Notice of Removal on Plaintiff and will file a copy with the Adams County District Court, as required by 28 U.S.C. § 1446(d).

16. There are no other defendants in this matter from whom consent to removal of the action needs to be obtained.

17. Defendant reserves all defenses and positions available to it at law, in equity, or otherwise. This Notice of Removal shall not serve as a waiver of any such defense or position, and Defendant expressly reserves all such defenses and positions.

18. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, Defendant Children's Hospital Colorado is entitled to remove this action from the District Court of the State of Colorado to the United States District Court for the District of Colorado.

Respectfully submitted this 15th day of January 2026.

        **FOX ROTHSCHILD LLP**

        */s/ Renee J. Sheyko*
        Renee J. Sheyko
        Madison M. Britton
        FOX ROTHSCHILD LLP
        1225 17th Street, Suite 2200
        Denver, Colorado 80202
        Telephone: (303) 292-1200
        Fax: (303) 292-1300
        rsheyko@foxrothschild.com
        mbritton@foxrothschild.com

        Attorneys for Defendant
        Children's Hospital Colorado

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January, 2026, a true and correct copy of the foregoing was electronically served on the following individuals**:**

Tyler S. Gurnee
tyler@jbakerlawgroup.com

Maxim N. Belovol
maxie@jbakerlawgroup.com

Attorneys for Plaintiff

/s/ *Rho Rudolph*
Rhonda Rudolph
