<table>
<tr><td>

**DISTRICT COURT, COUNTY OF ADAMS, STATE OF COLORADO**
1100 Judicial Center Drive
Brighton, CO 80601
303-659-1161

</td><td>

DATE FILED
December 2, 2025 6:28 PM
FILING ID: FFFBD3CB3AA05
CASE NUMBER: 2025CV31950

</td></tr>
</table>

| | |
|---|---|
| Plaintiff: **SAKISHA SMITH,** *an individual,*<br><br>v.<br><br>Defendant: **CHILDREN'S HOSPITAL COLORADO,** *a Colorado non-profit corporation.* | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff Sakisha Smith:*<br>Tyler S. Gurnee, #50250<br>Maxim N. Belovol, #61182<br>BAKER LAW GROUP, PLLC<br>8301 E. Prentice Avenue, Suite 405<br>Greenwood Village, CO 80111<br>Phone Number: (303) 862-4564<br>FAX Number: (970) 704-5741<br>Email: tyler@jbakerlawgroup.com<br>maxie@jbakerlawgroup.com | Case No:<br><br>Division: |

**VERIFIED COMPLAINT WITH JURY DEMAND**

Plaintiff Sakisha Smith ("Plaintiff" or "Ms. Smith"), by and through her undersigned counsel, brings this Complaint and Jury Demand against Defendant Children's Hospital Colorado ("Defendant" or "Hospital"), and alleges as follows:

## INTRODUCTION

1. Plaintiff Sakisha Smith, an African American registered nurse, brings this action to redress unlawful race and disability discrimination, failure to accommodate, retaliation, and constructive discharge during her employment with Defendant Children's Hospital Colorado ("Defendant" or "CHCO") in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and the Colorado Anti-Discrimination Act (CADA).

2. Ms. Smith served as a Case Manager from March 2023 to September 4, 2024, consistently performing her duties with diligence and professionalism.



3.      Defendant's management subjected Plaintiff to racial bias, harassment, disparate treatment, and retaliatory discipline after she reported discrimination and sought accommodation for documented medical conditions.

4.      Plaintiff was forced to resign on September 4, 2024, following escalating retaliation and the Hospital's refusal to correct discriminatory and hostile behavior—amounting to constructive discharge.

5.      Plaintiff seeks all remedies available under federal and state law, including back pay, front pay, compensatory and punitive damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124(1)(b) because the matter concerns causes of action arising out of the commission of tortious acts within the state of Colorado.

7.      Venue is proper in this District Court pursuant to C.R.C.P. 98(c)(5) because the events giving rise to these claims occurred in Adams County, Colorado, within this judicial district.

8.      Plaintiff has exhausted all administrative prerequisites, having filed a Charge of Discrimination with the EEOC and received a Right-to-Sue Letter dated September 3, 2025.

## THE PARTIES

9.      Plaintiff Sakisha Smith resides in Douglas County, Colorado, and was employed by Defendant in Adams County, Colorado.

10.     Defendant Children's Hospital Colorado is a Colorado nonprofit corporation with its principal place of business at 13123 East 16th Avenue, Aurora, Colorado 80045. Defendant employs more than 500 employees and is an "employer" within the meaning of Title VII, the ADA, the FMLA, and CADA.

## GENERAL ALLEGATIONS

11.     Plaintiff began her employment with Defendant as a Case Manager in March 2023. She performed her duties capably and consistently received positive feedback.

12.     Plaintiff was the only Black and youngest employee on her team. Management routinely excluded her from leadership rounds, decision-making opportunities, and workplace camaraderie extended to white colleagues.

13.     Managers and supervisors, including Eric Cibak (Manager), Cheryl Wilson (Assistant Manager), and Kaylanne Chandler (Director), treated Plaintiff differently because of her race and age.

14.     Supervisors made racially charged comments, including telling Plaintiff that she "spoke well" and "didn't write the way she spoke." These remarks reinforced stereotypes and conveyed bias about her race and professionalism.

15.     Plaintiff's medical history includes a knee injury requiring surgery and claustrophobia confirmed by medical documentation. She was approved for reasonable accommodations through Occupational Health, including modified workspace access and remote participation.

16.     Management repeatedly refused to implement these accommodations, stating they would do so only if they "worked best for them."

17.     Plaintiff was reprimanded for missing team "rounds" that were physically inaccessible due to her medical restrictions, even though those absences were protected by her approved accommodation.

18.     On July 25, 2024, Ms. Smith was summoned without notice to an intimidating meeting with Cibak and Wilson—no HR present—where she was accused of "aggressive communication" in professional chats.

19.     In reality, Plaintiff had merely refused physician requests that were outside her nursing scope of practice.

20.     That same day, Plaintiff filed a formal complaint of harassment and discrimination with Human Resources and the Hospital's Compliance Hotline.

21.     HR representatives Erica Jackson and Taffin Dusdal failed to investigate thoroughly, dismissed Plaintiff's complaint as a "perception issue," and refused to review evidence and witness names.

22.     On August 14, 2024, Plaintiff met with Director Chandler and Wilson, expecting a resolution. Instead, they issued her a retaliatory "behavior action plan" requiring her to "improve her attitude" and comply with vague expectations.

23.     Plaintiff's requests for mediation and inclusion of Cibak in resolution discussions were denied.

24.     HR later advised Ms. Smith to "personally request an apology" from Cibak, the individual accused of discrimination—demonstrating blatant indifference.

25.     Facing escalating retaliation, exclusion, and anxiety, Plaintiff resigned effective September 4, 2024, after giving notice on August 22, 2024.

26.     Defendant's actions directly caused Plaintiff's constructive discharge and emotional and financial harm.

## FIRST CLAIM FOR RELIEF
*(Race Discrimination and Hostile Work Environment – Title VII, 42 U.S.C. § 2000e-2(a))*

27.     Plaintiff incorporates all foregoing allegations.

28.     Plaintiff is a member of a protected class based on race (African-American).

29.     Defendant subjected Plaintiff to a racially hostile work environment, including condescending remarks, exclusion, and disparate discipline.

30.     Defendant's actions altered the terms and conditions of Plaintiff's employment, violating Title VII.

## SECOND CLAIM FOR RELIEF
*(Retaliation – Title VII, 42 U.S.C. § 2000e-3(a))*

31.     Plaintiff incorporates all foregoing allegations.

32.     Plaintiff engaged in protected activity by reporting racial discrimination and harassment.

33.     Defendant retaliated against her by issuing a "behavior action plan," increasing scrutiny, and constructively discharging her.

34.     Defendant's conduct constitutes unlawful retaliation under Title VII.

## THIRD CLAIM FOR RELIEF
*(Disability Discrimination and Failure to Accommodate – ADA, 42 U.S.C. § 12101, et seq.)*

35.     Plaintiff incorporates all foregoing allegations.

36.     Plaintiff has disabilities (post-surgical limitations and claustrophobia) substantially limiting major life activities.

37.     Defendant was aware of her disabilities and failed to provide reasonable accommodations, instead disciplining her for limitations beyond her control.

38.     Defendant's conduct violates the ADA.

## FOURTH CLAIM FOR RELIEF
*(Interference and Retaliation – Family and Medical Leave Act, 29 U.S.C. § 2615)*

39.     Plaintiff incorporates all foregoing allegations.

40.     Plaintiff took FMLA-protected medical leave related to her surgery and mental health condition.

41.     Defendant interfered with Plaintiff's FMLA rights and retaliated against her upon return by denying accommodation and issuing retaliatory discipline.

42.     Defendant's conduct violates the FMLA.

## FIFTH CLAIM FOR RELIEF
*(Race Discrimination – Colorado Anti-Discrimination Act, C.R.S. § 24-34-402(1)(a))*

43.     Plaintiff incorporates all foregoing allegations.

44.     Defendant treated Plaintiff less favorably than similarly situated white employees and tolerated racially biased remarks and conduct.

45.     Defendant's actions constitute unlawful race discrimination under CADA.

## SIXTH CLAIM FOR RELIEF
*(Disability Discrimination and Failure to Accommodate – CADA, C.R.S. § 24-34-402(1)(a))*

46.     Plaintiff incorporates all foregoing allegations.

47.     Defendant failed to provide reasonable accommodations and retaliated against Plaintiff for requesting them, violating CADA.

## SEVENTH CLAIM FOR RELIEF
*(Retaliation – CADA, C.R.S. § 24-34-402(1)(e))*

48.     Plaintiff incorporates all foregoing allegations.

49.     Defendant retaliated against Plaintiff for reporting discrimination and requesting accommodation.

## EIGHTH CLAIM FOR RELIEF
*(Constructive Discharge – Colorado Common Law)*

50.     Plaintiff incorporates all foregoing allegations.

51.     Defendant's discriminatory and retaliatory conduct created intolerable working conditions that compelled Plaintiff's resignation, amounting to constructive discharge.

## NINTH CLAIM FOR RELIEF
*(Negligent Hiring, Supervision, and Retention – Colorado Common Law)*

52.     Plaintiff incorporates all foregoing allegations.

53.     Defendant knew or should have known of the discriminatory, retaliatory, and unprofessional conduct of its management team, yet failed to prevent or correct it.

## DAMAGES

54.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

    i.      Lost wages and benefits (approximately $70,000 annually);

    ii.     Emotional distress, humiliation, and mental anguish;

    iii.    Loss of career opportunities and reputation;

    iv.     Medical and counseling expenses; and

    v.      Other consequential and statutory damages.

55.     Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's federally protected rights, entitling her to punitive damages under federal law.

## JURY DEMAND

56.     Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award:

    i.      All compensatory and consequential damages;

    ii.     Back pay, front pay, and benefits;

    iii.    Emotional distress and noneconomic damages;

    iv.     Liquidated damages under the FMLA;

    v.      Punitive damages under Title VII and the ADA;

    vi.     Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and C.R.S. § 24-34-405;

    vii.    Pre- and post-judgment interest; and

    viii.   Such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 2nd day of December 2025.

                                    **BAKER LAW GROUP, PLLC**

                                    */s/ Maxim N. Belovol*
                                    Maxim N. Belovol, #61182
                                    Tyler S. Gurnee, #50250
                                    BAKER LAW GROUP, PLLC
                                    8301 E. Prentice Avenue, Suite 405
                                    Greenwood Village, CO 80111
                                    Phone Number: (303) 862-4564
                                    FAX Number: (970) 704-5741
                                    Email: tyler@jbakerlawgroup.com
                                    maxie@jbakerlawgroup.com
                                    *Attorneys for Plaintiff Sakisha Smith*

**Plaintiff's Address**:
255 Ballata Court
Castle Rock, CO 80109

## **VERIFICATION**

Pursuant to Colorado Rule of Civil Procedure 108 and Colorado Revised Statutes Section 13-27-106, I, Sakisha Smith, hereby declare under penalty of perjury under the law of Colorado that the factual averments in this Complaint with Jury Demand are true and correct in all material respects to the best of my knowledge and belief.

Executed on <u>Dec 2, 2025</u> in <u>Castle Rock</u>, Colorado.

*Sakisha Smith*
Sakisha Smith (Dec 2, 2025 16:29:14 MST)

Sakisha Smith